28350. OLIVER et al. v. YOUNG.

UNDERCOFLER, Justice. This case arises out of a dispute between adjoining land owners in a subdivision as to the interpretation of restrictive covenants in deeds from a common grantor. The restrictive covenants provide: "1. Land Use and Building Type. No lot shall be used except for residential purposes. No building shall be erected, altered, placed or permitted to remain on any lot other than one detached single family dwelling with carport or garage facilities and other outbuildings incident to residential use of the lot. . . 4. Building location. . . No dwelling shall be located nearer than fifteen (15) feet to an interior lot line. . ."

The defendant Young enclosed the carport attached to his house and had begun the construction of a new carport attached to his house which would have extended to within 5 1/2 feet of the

interior lot line which joins the property of the Olivers. The trial court enjoined the construction of the attached carport because it was a part of the dwelling which extended to within 15 feet of the interior lot line. Young moved the court to reinterpret its previous order to allow the construction of a carport exactly as previously proposed except that the carport would not be physically attached to the house but would be separated by two inches and be a free standing structure without fixation to the primary dwelling. The trial court found that such a detached carport would not be part of the dwelling and could be built within 15 feet of the interior lot line. The appeal is from this judgment. *Held:*

The land use and building type restrictive covenant of this subdivision provides: "No building shall be erected, altered, placed or permitted to remain on any lot other than one detached single family dwelling with carport or garage facilities and other outbuildings incident to residential use of the lot."

In our opinion restrictive covenant No. 1 defines a one detached single family dwelling as including a carport or garage facility. Therefore, restrictive covenant No. 4 establishing a 15 foot side line restriction for dwellings includes the carport or garage which could not be built "nearer than fifteen (15) feet to an interior line."

*Judgment reversed. All the Justices concur.*

ARGUED OCTOBER 10, 1973 — DECIDED NOVEMBER 8, 1973 — REHEARING DENIED DECEMBER 3, 1973.

*Lipshutz, Macey, Zusmann & Sikes, John M. Sikes, Jr., Winston H. Morriss,* for appellants.

*Hatcher, Meyerson, Oxford & Irvin, Henry M. Hatcher, Jr.,* for appellee.